**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **AMERICAN CAPITAL FUNDING CORP.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:17-cv-3435** |
| | § | |
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT FIDELITY NATIONAL TITLE INSURANCE COMPANY'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446; and Southern District of Texas Local Rule 81, Defendant Fidelity National Title Insurance Company (hereinafter "Defendant" and/or "FNTIC") hereby removes this action from the 165th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and shows as follows:

### STATE COURT ACTION

1.     On September 28, 2017, Plaintiff American Capital Funding Corporation (hereinafter "Plaintiff" and/or "AMCAP") filed its Original Petition ("Original Petition") against Defendant Fidelity National Title Insurance Company in the 165th Judicial District of Harris County, Texas in an action styled *American Capital Funding Corp. vs. Fidelity National Title Insurance Company*, Cause No. 2017-64450 (the "State Court Action").[1]

---

[1] *See* Exhibit B.3 (Plaintiff's Original Petition and Requests for Disclosure), which is attached hereto and fully incorporated herein by reference.

2.      Plaintiff asserts causes of action for negligent misrepresentation, breach of fiduciary duty, violation of Article 21.21 of the Texas Insurance Code, violation of the Deceptive Trade Practices Act, and breach of contract against Defendant.[2]

3.      Plaintiff made a jury demand in the State Court Action.[3]

4.      Based on these allegations, Plaintiff seeks damages over $1,000,000 for alleged monetary damages, punitive damages, and attorney's fees, plus pre and post-judgment interest.[4]

## PROCEDURAL REQUIREMENTS

5.      With this Notice of Removal, Defendant removes the State Court Action to this Court on the basis of diversity of citizenship between Plaintiff and Defendant, as discussed below. Further, the amount in controversy exceeds $75,000.00, excluding interest and costs.

6.      Pursuant to 28 U.S.C. § 1441(a), venue for this removal action is proper in the U.S. District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris County, Texas—the location of the pending State Court Action.

7.      This removal is timely. Plaintiff filed suit on September 28, 2017, and citation and a copy of Plaintiff's Original Petition was served on Defendant on October 17, 2017. Accordingly, this removal is timely under 28 U.S.C. § 1446(b), because Defendant files this Notice of Removal within thirty (30) days after it was served.

8.      Pursuant to Southern District of Texas Local Rule 81, and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

      a.   An index of matters being filed is attached hereto as **Exhibit A**;

---

2 *See Id.*
3 *See Id.* ¶ 40.
4 *See Id.* ¶ 3.

    b.  The state court docket sheet, all executed process in the case, all pleadings asserting causes of action (e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings, all orders signed by the state judge) are attached hereto as **<u>Exhibits B.1-B.6</u>**; and

    c.  A list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as **<u>Exhibit C</u>**.

9.    As the removing party, Defendant FNTIC consents to this removal.

10.    Simultaneously with the filing of this Notice of Removal, Defendant is filing copies of this Notice of Removal in the 165th Judicial District Court in Harris County, Texas, pursuant to 28 U.S.C § 1446(d). Defendant will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C § 1446(d).

## BASIS FOR REMOVAL

11.    The court may exercise diversity jurisdiction pursuant to 28 U.S.C § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *See Id.* at 84.

12.    Plaintiff AMCAP is a Texas corporation with its principal place of business located in Harris County, Texas.[5]  Defendant FNTIC is a Florida title insurance company with its principal place of business located in Jacksonville, Florida.[6]

13.    When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in

---

5 *See* Id. ¶ 1.
6 *See* Id. ¶ 2.

the state court petition. *See* 28 U.S.C. § 1446(c)(2). If the plaintiff does not state the amount of damages he or she seeks, the burden falls on the defendant seeking removal to prove the value of the plaintiff's claims. *See St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if the defendant shows: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848,850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

14.     The amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). Plaintiff alleges it seeks over a million dollars in damages.[7]

15.     For the reasons stated above, this Court may exercise diversity jurisdiction over this matter.

## CONCLUSION

For the reasons stated above, FNTIC asks the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

---

7 *See* Id. ¶ 3.

Respectfully submitted,

*/s/ Tiffany Serbousek Gilbert*

**Tiffany S. Gilbert (Attorney-in-Charge)**
Southern District of Texas No. 2851474
Texas Bar No.: 24058776
**Gregory T. Brewer**
Southern District of Texas No. 2175443
Texas Bar No. 00792370
**FIDELITY NATIONAL LAW GROUP**
5151 Beltline Road, Suite 410
Dallas, Texas 75254
Telephone: 972-812-9400
Facsimile: 972-812-9408
tiffany.gilbert@fnf.com
gregory.brewer@fnf.com

**ATTORNEYS FOR DEFENDANT
FNTIC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Notice of Removal was transmitted via CM/ECF to the following parties on November 9, 2017:

**Plaintiff American Capital Funding Corporation**
c/o
Mark D. Goranson
GORANSONKING, PLLC
1415 N. Loop W, Suite 1100
Houston, Texas 77008
Telephone: 713-526-9200
Facsimile: 713-526-9202
goranson@goransonking.com

*/s/ Tiffany Serbousek Gilbert*
**TIFFANY S. GILBERT**